1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARLOS CHAVEZ, JR.; et al.,

11          Plaintiffs,                    No. CIV S-11-2441 KJM-KJN

12   vs.

13   HENNESSY INDUSTRIES, INC.; et al.,

14          Defendants.
     _____/

15   COSTCO, INC.,

16          Plaintiff,                     No. CIV S-11-2466 KJM-KJN

17   vs.

18   DANAHER CORP.; et al.,

19          Defendants.                    ORDER
     _____/

20

21          Defendant Hennessy Industries, Inc. ("Defendant") removed the above-captioned

22   matters to this court on September 15, 2011 (11-2441; ECF 1) and September 16, 2011 (11-

23   2466; ECF 1).  For the following reasons, these cases are hereby REMANDED to the

24   Sacramento County Superior Court.

25          "[A]ny civil action brought in a State court of which the district courts of the

26   United States have original jurisdiction [] may be removed by the defendant . . . to the district

1

court . . . ." 28 U.S.C. § 1441(a).  District courts have original jurisdiction in two situations:

1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties

of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between

the parties.  28 U.S.C. §§ 1331, 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal

jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863,

F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818

(9th Cir. 1985)).  There is a "strong presumption" against removal jurisdiction which "means

that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d

at 566.  "If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have the duty of

determining whether they have jurisdiction, even if the parties do not raise the question. *See*

*United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004); *see*

*also* Fed. R. Civ. P. 12(h)(3).

Plaintiffs' state court complaint in *Chavez v. Hennessy*, brought in Sacramento

Superior Court on July 8, 2011, alleges only a state law cause of action for products liability.

(Not. of Removal, Stahley Decl., Ex. A, ECF 1.)   The only indication of the amount in

controversy is plaintiffs' contention that this is an unlimited civil case, which means that the

amount in controversy exceeds $25,000.  Defendant removed this action based on diversity

jurisdiction on September 15, 2011.  (Not. of Removal ¶ 1.)  Defendant contends that "it is

facially apparent from the Complaint that the amount in controversy between plaintiffs and

Hennessy Industries, Inc. exceeds the sum or value of $75,000. Plaintiffs seek the following

damages, alleged as a result of injury sustained from their work with or around a tire changing

machine allegedly manufactured, suppled or distributed by defendants: 'wage loss;' 'hospital and

medical expenses;' unspecified 'general damages;' and 'loss of earning capacity.'" (*Id.* ¶ 5.)

1   *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) (the operative

2   amount in controversy is that claimed by plaintiff in the complaint).  However, the amount in

3   controversy here is not facially apparent, where there are no factual allegations in the complaint

4   past the assertions that this is a products liability case and that plaintiffs were injured by the

5   Coats APX 90E tire changing machine.  Notably absent from the complaint is any information

6   that would serve as an indicator of amount in controversy, such as allegations of the injury

7   suffered or whether plaintiffs are currently employed.  Defendant has failed to carry his burden

8   of showing by a preponderance of the evidence that the amount-in-controversy requirement is

9   satisfied.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001).

10          Likewise, plaintiff's state court complaint in *Costco v. Danaher*, brought in

11  Sacramento Superior Court on July 19, 2011, alleges only a state law cause of action for

12  products liability.  (Not. of Removal, Stahley Decl., Ex. A, ECF 1.)  The only indication of the

13  amount in controversy is plaintiff's contention that this is an unlimited civil case, which means

14  that the amount in controversy exceeds $25,000.  Defendant also removed this action based on

15  diversity jurisdiction, on September 16, 2011.  (Not. of Removal ¶ 1.)  Defendant contends that

16  "it is facially apparent from the Complaint that the amount in controversy between plaintiff and

17  Hennessy Industries, Inc. exceeds the sum or value of $75,000. Plaintiffs seek the recovery of

18  'workers' compensation benefits paid by Costco, Inc. to or on behalf of Carlos Chavez, Jr.' in

19  excess of $25,000." (*Id.* ¶ 6.)  However, the amount in controversy here also is not facially

20  apparent, where there are no factual allegations in the complaint past the assertions that this is a

21  products liability case and that plaintiff is seeking workers' compensation benefits paid by

22  Costco, Inc. on behalf of Carlos Chavez, Jr.  Notably absent from this complaint is any

23  information that would serve as an indicator of amount in controversy, such as allegations of

24  how much money Costco, Inc. has paid Carlos Chavez, Jr. in workers' compensation benefits.

25  Defendant has failed to carry his burden of showing by a preponderance of the evidence that the

26  amount-in-controversy requirement is satisfied.  *Gibson.*, 261 F.3d at 933.

1        Accordingly, this court is without jurisdiction to hear these cases.

2        For the foregoing reasons, the court hereby REMANDS the above-captioned

3   matters to Sacramento County Superior Court.  Costco Wholesale Corp.'s application for lien in

4   *Chavez v. Hennessy* (ECF 17) is DENIED as moot.  All dates set in the above-captioned matters

5   are VACATED.  These cases are CLOSED.

6        IT IS SO ORDERED.

7   DATED:  January 23, 2012.

8

9   _____
     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26